UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

AARON DEMARCO FOSTER,

    Petitioner,

V.

J. C. HOLLAND, Warden,

    Respondent.

Civil Action No. 6: 15-216-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Aaron Demarco Foster is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without counsel, Foster has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition, Foster contends that the trial court in his criminal proceedings lacked the power to sentence him to more than 188 months imprisonment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 295 (2004).

On September 17, 2002, Foster and two others were indicted in Baltimore, Maryland, for numerous federal drug trafficking and firearms offenses, as well as conspiracy, carjacking, murder, and witness tampering. Following a seven-week trial, a jury found Foster guilty on four counts, and on August 9, 2004, the trial court sentenced Foster to life imprisonment, with an additional 35 years to run concurrently with that sentence and a further 7 years to run consecutively to it. *United States v. Foster*, No. 1: 02-CR-410-CCB-1 (D. Md. 2002).

On direct appeal the defendants raised numerous issues, including the trial court's instruction to the jury to determine the drug quantity attributable to the conspiracy as a whole, rather than as to each defendant. While the Fourth Circuit found this to be *Pinkerton* error under

its precedent in *United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005), it concluded that the fairness and integrity of Foster's criminal proceedings was not undermined in light of the overwhelming and uncontroverted evidence presented at trial that Foster was responsible for more than fifty grams of crack cocaine, and affirmed his conviction and sentence. *United States v. Foster*, 507 F. 3d 233, 249-52 (4th Cir. 2007).

Foster then sought relief pursuant to 28 U.S.C. § 2255. In his motion, Foster contended that his trial counsel had objected to the court's findings regarding drug quantity at the sentencing hearing under both *Apprendi* and *Blakely*, but that his appellate counsel was ineffective for failing to note this on brief, resulting in the Fourth Circuit reviewing the *Collins* issue regarding individual attribution on appeal only for plain error. [R. 568 therein] Addressing Foster's motion in November 2012, the trial court noted that *Blakely* was decided shortly before his sentencing hearing; its impact was actively discussed at the hearing by counsel and the court; and that as a result, the court articulated alternative grounds for the life sentence imposed, treating the guidelines as mandatory and alternatively as discretionary. The trial court then denied relief, concluding that while trial counsel had objected under *Apprendi* and *Blakely* at sentencing, he had not raised any objection based on *Collins*, and therefore appellate counsel was not ineffective because *Collins* concerns a legal issue distinct from *Blakely*. The Fourth Circuit denied Foster a certificate of appealability on May 20, 2013. [R. 606, 615 therein]

In his petition, Foster contends that the life sentence imposed by the trial court violates *Apprendi* and *Blakely* because, he argues, at the time of his 2004 sentencing the Sentencing Guidelines were mandatory and authorized a sentence of no more than 188 months because the judge, not the jury, concluded that he was responsible for two murders. [R. 1 at pp. 7-8] Foster separately argues that the two murders were beyond the power of Congress to regulate under

2

*United States v. Morrison*, 529 U.S. 598 (2000) and the evidence did not establish that they were committed in furtherance of the drug conspiracy. [R. 1 at pp. 11-14] Finally, Foster asserts that he may bring these claims in a habeas corpus petition pursuant to 28 U.S.C. § 2241 in light of the Solicitor General's position and the Supreme Court's order of remand in *Persaud v. United States*, __ U.S. __, 134 S. Ct. 1023 (2014). [R. 1 at pp. 1-2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Foster's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Foster's petition, the Court must deny relief because his claims may not be pursued under § 2241. A federal prisoner must challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is only a vehicle for challenges to actions taken by prison officials that affect the manner in which the

prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" found in 28 U.S.C. § 2255(e) permits a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Here, Foster's claims under *Apprendi* and *Blakely* are ones which he could have, and in some respects did, assert in his direct appeal and/or motion under 28 U.S.C. § 2255. His claims of trial court error at sentencing do not fall within the scope of claims cognizable under § 2241. First, Foster does not contend that he is actually innocent of the underlying offenses, but only

4

that his sentence was imposed in a manner inconsistent with statutory directives and constitutional protections. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012); see also *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same). Foster's challenge to his sentence may therefore not be pursued in this § 2241 proceeding.

Second, *Apprendi* and *Blakely* were decided prior to Foster's sentencing hearing, and were actively discussed and applied by the trial court. To the extent Foster places reliance upon *Booker v. United States*, 543 U.S. 220 (2005), this case was decided during the pendency of Foster's direct appeal, and long before he sought relief under § 2255. None of these decisions antedated the remedy available to Foster under Section 2255, and the federal courts of appeal have uniformly held that claims based upon them may not be pursued under § 2241 under such circumstances. *Bicaksiz v. Samuels*, 281 F. App'x 134 (3d Cir. 2008) (holding that claims under *Booker* and *Blakely* are not cognizable in a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Austin v. Kastner*, 283 F. App'x 213 (5th Cir. 2008) (same); *Vieux v. Warden*, 616 F. App'x 891 (11th Cir. 2015) (same). See also *Murillo v. Walton*, No. 2: 11-CV- 12022, 2011 WL 1884158, at *4 (E.D. Mich. May 18, 2011) (noting that the Sixth Circuit has held that neither *Blakely* nor *Booker* are retroactively applicable to cases on collateral review) (citing *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Foster therefore fails to satisfy the conditions precedent to consideration of the merits of his claim in this proceeding. *Wooten v. Cauley*, 677 F. 3d 303, 307-08 (6th Cir. 2012).

5

Courts continue to follow this approach notwithstanding the oft-repeated argument that the Supreme Court's remand order in *Persaud v. United States*, 134 S. Ct. 1023 (2014) somehow changed the legal landscape; this and virtually every other court to consider the issue have concluded that it did not. Foster, like the defendant in *Persaud*, seeks to challenge his sentence through § 2241 petition pursuant to the savings clause of § 2255, notwithstanding binding circuit precedent which forecloses that avenue of relief. In *Persaud*, the Supreme Court agreed to remand the case only because the Solicitor General flatly conceded the petitioner's argument that a challenge to a sentence may be pursued under the savings clause of § 2255(e). *Id*.

But the Supreme Court's remand order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Rather, the grant/vacate/remand order used in *Persaud* is "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Man. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005). While the remand order in *Persaud* gave the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. Cf. *Sharbutt v. Vasquez*, 600 F. App'x 251 (5th Cir. 2015) ("[Petitioner's] contention that [*Persaud*] stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision."). Here, binding precedent from the Sixth Circuit bars Foster from seeking relief through a § 2241 petition, and his petition must be denied. Cf. *Wells v. Snyder–Morris*, No. 15-CV-17-HRW, 2015 WL 2356692, at *8 (E.D. Ky. May 15, 2015); *Rodriguez v. Thomas*, No. 1:14-CV-1121, 2015 WL 179057, at *4 (M.D. Penn. Jan. 14, 2015); *Cotrell v. Hastings*, No. ,

2015 WL 900112, at *4 (S.D. Ga. Mar. 3, 2015). Finally, the government's position in *Persaud* would not assist Foster because the Solicitor General "did not suggest that a prisoner may bring such a challenge if he could have previously raised the argument in a § 2255 motion." See *King v. Terris*, No. 14-CV-14627, 2015 WL 3888163, at *5-7 (E.D. Mich. June 24, 2015).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Aaron DeMarco Foster's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Order.

Dated February 10, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY